**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SANDISK CORPORATION, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 14-cv-352-SLR |
| | : | |
| v. | : | |
| | : | |
| ROUND ROCK RESEARCH, LLC, | : | |
| | : | |
| Defendant. | : | |

**MOTION TO STAY OF ROUND ROCK RESEARCH, LLC**

Round Rock Research, LLC ("Round Rock"), by and through its undersigned

attorneys, respectfully submits the following Motion to Stay this Action.

**I.    INTRODUCTION**

In what has become a trilogy of Federal court actions involving the potential

licensing of the same patents, SanDisk Corporation ("SanDisk") brought the present case to

assert antitrust allegations against Round Rock.  Those claims are premised, among other things,

on the following disputed issues: (1) whether the patents are valid; (2) if the patents are valid,

whether SanDisk is infringing the patents; and (3) if SanDisk is infringing Round Rock's valid

patents, the determination of the reasonable royalty for those patents and whether Round Rock

ever demanded supracompetitive royalties.  The resolution of those questions, which would

narrow if not negate this action, will be provided by trials in other cases that are scheduled to

begin in mere months.

In these circumstances, the principles of fairness and judicial economy favor

staying this action.  In addition to allowing the other pending cases to narrow the issues in this

case and remove the potential for inconsistent rulings, staying this litigation would save both

parties the time and expense of discovery and motion practice that, depending on the outcome of

1

the other matters, may ultimately be unnecessary.  Given that discovery has not yet begun in this case, staying the action until the scope of the issues in dispute is clarified would allow the parties and the Court to more narrowly and appropriately tailor discovery to only the issues, if any, that remain.  Given these benefits, and the lack of any undue prejudice to SanDisk, Round Rock respectfully requests that the Court exercise its considerable discretion and stay this action until sixty (60) days after final judgment is entered in the Prior Pending Actions, as defined below, at which time Round Rock will Answer, move, or otherwise respond to the Complaint.

## II.   FACTUAL BACKGROUND

On March 19, 2014, SanDisk initiated this action alleging antitrust violations and related state law causes of action arising from Round Rock's acquisition of the 5,615,159; 6,654,847; 6,728,798; 6,948,041; 7,695,984; 7,742,344; 8,023;344; 6,845,053 and 6,570,791 patents (collectively, the "Patents-at-Issue").  *See generally* Compl., D.I. 1.  The Patents-at-Issue are alleged Standard Essential Patents ("SEPs") such that one cannot comply with standards set forth by JEDEC, a standard setting organization, without necessarily infringing the Patents-at-Issue.  *See generally, id.*  This is not the first or even second pending action between the parties relating to the Patents-at-Issue.  Rather, these precise patents, and the same alleged conduct that forms the basis of SanDisk's antitrust allegations, are the subject of two pending actions, both of which are well-advanced in California and Delaware (collectively, the "Prior Pending Actions").

On October 27, 2011, SanDisk filed a Complaint in the United States District Court for the Northern District of California seeking a declaratory judgment that some of the Patents-at-Issue here are invalid and/or non-infringed by SanDisk.  *See SanDisk Corp. v. Round Rock Research, LLC*, Case No. 11-cv-05243 (N.D. Cal. 2011) ("California Action") at D.I. 1, Compl. ¶1 ("This is an action for a declaratory judgment of non-infringement and/or invalidity of United States Patents . . . ."); *see also id.* at Second Amended Complaint, D.I. 76 at ¶1

2

(identifying the 6,845,053 and 6,570,791 patents as among those in suit).  In the California

Action, Round Rock asserted counterclaims against SanDisk, including for infringement of the

6,845,053 and 6,570,791 patents.  *See id.* at D.I. 214 at ¶¶205-215 (alleging infringement of the

6,570,791 patent); *id.* at ¶¶227-237 (alleging infringement of the 6,845,053 patent).

      In the last two and a half years since the California Action began, the parties have

completed both fact and expert discovery.  *See id.* at D.I. 181 (setting January 22, 2014 expert

discovery deadline); *id.* at D.I. 241 (setting revised deadline of November 21, 2013 for fact

discovery).  Indeed, Round Rock's Motion for Summary Judgment as to patent validity and

infringement is currently pending before the court.  *Id.* at D.I. 314.  In the event the California

Action is not fully resolved on summary judgment, trial is scheduled to commence on August 11,

2014.  *Id.* at D.I. 181.

      On May 3, 2012, Round Rock filed a Complaint in this Court alleging that

SanDisk was infringing the remaining Patents-at-Issue.  *See Round Rock Research, LLC v.*

*SanDisk Corp.*, Case No. 12-cv-569 (D. Del. 2012) (Robinson, J.) ("Delaware Action") at D.I. 1,

Compl. ¶¶6-16 (identifying the patents-in-suit including the 5,615,159; 6,654,847; 6,728,798;

6,948,041; 7,695,984; 7,742,344; and 8,023,344 patents); *see also* Compl. ¶12 ("Round Rock

then used the newly acquired patents (and earlier acquired patents) in a lawsuit that it filed in the

U.S. District Court for the District of Delaware").  In its Answer to the Amended Complaint in

the Delaware Action, SanDisk asserted affirmative defenses of patent invalidity and estoppel

based on Micron Technology, Inc.'s alleged failure to disclose the patents to JEDEC.  *Id.* at D.I.

8.  In its Answer, SanDisk also asserted counterclaims for a declaratory judgment that the patents

were invalid and/or non-infringed.  *Id.*

The Delaware Action has also reached a mature stage of the proceedings.  For example, the parties have already conducted voluminous discovery.  *See, e.g.,* Delaware Action at D.I. 23 and 25 (notice of service first sets of interrogatories and requests for production by each party); *id.* at D.I. 30-31, 62-68 (notice of third-party subpoenas); *id.* at D.I. 133-136 (notices of deposition).  Expert discovery is similarly advanced and will be completed by September 29, 2014.  *See id.* at D.I. 156.  Indeed, trial is currently scheduled to commence on five of the patents-in-suit on January 20, 2015.  *See* D.I. 73.

Collectively, the Delaware and California patent litigations include all of the Patents-at-Issue here:

| Delaware Patent Action | California Patent Action | This Action |
| --- | --- | --- |
| 5,615,159 | | 5,615,159 |
| 6,654,847 | | 6,654,847 |
| 6,728,798 | | 6,728,798 |
| 6,948,041 | | 6,948,041 |
| 7,692,984 | | 7,692,984 |
| 7,742,344 | | 7,742,344 |
| 8,023,344 | | 8,023,344 |
| - | 6,845,053 | 6,845,053 |
| - | 6,570,791 | 6,570,791 |

The Prior Pending Actions will therefore litigate and resolve many issues central to the patents central to this action, including a determination of their validity and whether SanDisk infringes them by offering products that comply with the JEDEC standards, *i.e.*, whether the Patents-at-Issue are SEPs.

## III.    STANDARD OF REVIEW

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment,

4

which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1935).  "Motions to stay invoke the broad discretionary powers of the court." *Apotex, Inc. v. Senju Pharm. Co.*, 921 F. Supp. 2d 308, 313 (D. Del. 2013) (Robinson, J.).  A "court has the discretion to stay a case if the interests of justice so require." *Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*, 676 F. Supp. 2d 321, 326 (D. Del. 2009).  Finally, the "decision whether to grant a stay in this case is committed to the district court's discretion, since it is a matter of the court's inherent power to conserve judicial resources by controlling its own docket." *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985).

## IV.    ARGUMENT

"The three factors courts consider for determining the propriety of a stay are (1) whether granting the stay will simplify the issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage." *Pragmatus Telecom v. Advanced Store Co.*, 2012 WL 2803695, at *1 (D. Del. July 10, 2012).  Here, each of the factors support Round Rock's request to stay the litigation.

### A.    Permitting the Pending Patent Actions to be Resolved Will Simplify the Issues, if any, for Trial

This Court has previously held that where "there is at least a minimal overlap between the patent case and the antitrust case . . . the outcome of the patent [case] necessarily will affect the complexion of the antitrust case to some extent." *Monsanto Co. v. Syngenta Seeds, Inc.*, 2006 WL 7204491, at *1 (D. Del. Nov. 8, 2006) (Robinson, J.).  In such instances, "the better course of action is to stay []the antitrust case until the [] patent case has been resolved." *Id.*; *cf. Eurand, Inc. v. Mylan Pharms. Inc.*, 2009 WL 3172197, at *1 (D. Del. Oct. 2, 2009) (Robinson, J.) (quoting in part *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir.

1986)) ("District courts have properly exercised this discretion through the 'standard practice' of separating patent issues from related antitrust issues.").

Here, there is much more than a "minimal overlap between the patent case and the antitrust case."  First, the Prior Pending Actions will adjudicate the validity of the underlying patents.  If the patents are found to be invalid, then the monopolization claims would necessarily fail because the alleged harm to competition is the enforcement of valid SEPs.  Indeed, if the underlying patents are not valid, then its holder cannot use the patent to exclude others from using the covered process.  *Pragmatus*, 2012 WL 2803695, at *2 (finding this factor weighed in favor of a stay because if the prior action "results in a finding that the patents-in-suit are invalid, that will resolve all the cases.").

Second, if the Patents-at-Issue are valid, the Prior Pending Actions will also consider whether the Patents-at-Issue are SEPs at all.  Indeed, SanDisk's Complaint refers to them as "alleged SEPs."  *See, e.g.* Compl. ¶ 2.  If the Prior Pending Actions determine that the Patents-at-Issue are not SEPs, then there can be no monopolization claims, and no duty for the patents to have been disclosed to JEDEC.  Similarly, SanDisk alleges that holding the SEPs gives Round Rock monopoly power.  *See e.g.* Compl. ¶ 94.  If the Patents at Issue are found not to be SEPs, then Round Rock cannot have monopoly power, as using Round Rock's patents would not be necessary to comply with the applicable JEDEC standards.  *See e.g.* Compl. ¶ 97.

Third, the pending actions will resolve the *sine qua non* of SanDisk's Complaint - whether Round Rock is seeking to extract supracompetitive pricing.  *See e.g.* Compl. ¶ 97.  The precise question of the reasonable and appropriate royalty for SanDisk's use of the Patents-at-Issue is one of the issues being litigated in the Prior Pending Actions.  This "[C]ourt has stayed antitrust litigation where there was a possibility that the resolution of underlying patent claims

could moot, narrow, or otherwise simplify the antitrust claims." *Apotex, Inc. v. Senju Pharm. Co.*, 921 F. Supp. 2d 308, 314 (D. Del. 2013) (Robinson, J.) (granting motion to stay where because a "stay on antitrust claims may potentially simplify the issues in various ways").  Here, the determination of the issues presented in the Prior Pending Actions will invariably simplify, if not outright resolve, the antitrust claims presented in this action.  "Because the decisions in pending actions could render this antitrust case moot or narrow the issues considerably," Round Rock respectfully suggests that "this Court's discretion is best exercised in granting a stay." *Id.* (quoting *Mitsubishi Heavy Indus. v. Gen. Elec. Co.*, 720 F. Supp. 2d 1061, 1069 (W.D. Ark. 2010)).

B.    As This Case is in its Earliest Stages, a Stay is Appropriate

In considering whether a stay is appropriate, a court must also consider "whether discovery is complete and a trial date is set." *Pragmatus*, 2012 WL 2803695, at *1.  Here, of course, discovery is not yet permitted let alone completed.  *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)").  Likewise, as the pleadings are not yet closed, the Court has not entered a Scheduling Order or otherwise set a trial date.  As a result, this factor also weighs in favor of granting Round Rock's request for a stay.  *See, e.g., Pragmatus*, 2012 WL 2803695, at *2 (finding this factor to weigh in favor of a stay where "the proceedings are in their infancy [and] before any trial date had been set and any discovery had been scheduled.").

C.    Both Parties Would Benefit From a Stay

Finally, Round Rock would not gain any tactical advantage in any of the pending actions if this case was stayed.  The only benefit to be gained would be to narrow, if not resolve, the issues in this action and eliminate the possibility of inconsistent findings.  *See* Wright & Miller, *Federal Practice & Procedure*, § 1360 (3d ed. 2004) ("A motion to stay also may be

justified when a similar action is pending in another court . . . .  In these situations the court's

objectives are to avoid conflicting judicial opinions and to promote judicial efficiency.").   As

discussed *supra*, the resolution of the Prior Pending Actions will, at the very least, narrow the

issues in this action.  This, of course, would also narrow the subjects of discovery in this action

resulting in significant time and monetary savings for both parties.  In other words, the benefits

from a stay would apply to both parties equally.

Moreover the "relationship between the various parties is often an important

factor when determining whether any party would suffer undue prejudice from a stay."

*Pragmatus*, 2012 WL 2803695, at *2, n. 3.  Here, there is no competitive relationship between

the Parties.  *See, e.g.,* Compl. ¶2 (alleging that "Round Rock is a patent assertion entity").  While

"[c]ourts are generally reluctant to stay proceedings where the parties are direct competitors,"

where, as here, "the parties do not compete, this factor favors a stay."  *Pragmatus*, 2012 WL

2803695, at *2, n. 3 (quoting *Vehicle IP v. Wal-Mart Stores, Inc.*, 2010 WL 4823393, at *2 (D.

Del. Nov. 22, 2010) (Robinson, J.)).  Given that the parties neither compete nor have sought

preliminary injunction relief against each other, SanDisk cannot plausibly claim that it would

suffer any undue prejudice from staying this matter until the Prior Pending Actions are resolved.

D.    A Stay would Reduce the Burden on this Court

Staying this case until several key issues have been resolved in the upcoming

trials or pending or anticipated summary judgment motions would similarly allow the Court to

streamline what is already a large and complex set of patent lawsuits.  The well-progressed

patent litigation  will resolve, among other things, whether the patents are valid; if the patents are

valid, whether SanDisk is infringing the patents; if SanDisk is infringing Round Rock's valid

patents, the determination of the reasonable royalty for those patents; and whether Round Rock

ever demanded supracompetitive royalties.  The prior pending patent lawsuits could effectively

end entirely this recently filed antitrust action.  Accordingly, in order to preserve the resources of

and minimize the burden on this Court, Round Rock respectfully requests that this Court stay all

proceedings in this matter, including but not limited to the time for Round Rock to move, answer

or otherwise respond to the SanDisk Complaint.  *See* 5C Wright & Miller, *Federal Practice and*

*Procedure*, § 1360, 86 (3d ed. 2004).

## V.    <u>CONCLUSION</u>

        For the foregoing reasons, and in the interest of fairness and judicial economy,

Round Rock respectfully requests that the Court stay this litigation until sixty (60) days after

final judgment is entered in the Prior Pending Actions at which time Round Rock would Answer,

move, or otherwise respond to the Complaint.

Dated: May 8, 2014

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com

Barbara T. Sicalides (admitted *pro hac vice*)
Barak A. Bassman (admitted *pro hac vice*)
Noah S. Robbins (admitted *pro hac vice*)
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(215) 981-4000
sicalidb@pepperlaw.com
bassmanb@pepperlaw.com
robbinsn@pepperlaw.com

*Attorneys for Defendant*
*Round Rock Research, LLC*