**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SANDISK CORPORATION, | : | |
| | : | |
| Plaintiff, | : | C.A. NO. 14-cv-352-SLR |
| | : | |
| v. | : | |
| | : | |
| ROUND ROCK RESEARCH, LLC, | : | |
| | : | |
| Defendant. | : | |

<u>**REPLY IN SUPPORT OF MOTION TO STAY OF ROUND ROCK RESEARCH, LLC**</u>

Round Rock Research, LLC ("Round Rock"), by and through its undersigned attorneys, respectfully submits the following Reply in Support of its Motion to Stay this Action.

**I.      <u>INTRODUCTION</u>**

The unnecessary rancor notwithstanding, SanDisk Corporation's ("SanDisk") Opposition to Round Rock's Motion to Stay this litigation is predicated upon a fundamental misstatement of the theory pled in the Complaint and the legal requirements of its claims. SanDisk asserts that cases currently being litigated in California and before this Honorable Court ("Prior Pending Actions") that will determine, *inter alia*, the validity of the Patents-at-Issue and whether they are standard essential patents ("SEPs") are, somehow, entirely unconnected to this current action based upon alleged monopolization and conspiracy to monopolize a market defined to be exactly those SEPs. Indeed, SanDisk does not, because it cannot, address how the determination of its Ninth Affirmative Defense for estoppel in the Prior Pending Action – which is based on the exact same alleged misconduct by third-party Micron Technology, Inc. ("Micron") before standard-setting organization JEDEC in allegedly failing to disclose patents that would be standard essential – is irrelevant to the issues in this case. The resolution of that Affirmative Defense alone will determine whether Micron was required to disclose the Patents-

at-Issue to JEDEC and, if so, the consequences of such failure including as to Round Rock – the basis of the antitrust theory of liability.  Moreover, the entire theory of the Complaint is that Round Rock unlawfully demanded supracompetitive royalties for valid SEPs and that the relevant markets in which Round Rock is an alleged monopolist is comprised of each individual Patent-at-Issue.  If the Patents-at-Issue are invalid and/or <u>not</u> SEPs, SanDisk's antitrust market does not exist and Round Rock, by definition, cannot have monopolized this non-existent market.

More fundamentally, SanDisk appears to misconstrue the purpose of a litigation stay and the practical considerations this Court must weigh when deciding the instant motion.  It is not incumbent upon Round Rock to demonstrate that the resolution of the Prior Pending Actions will incontestably and invariably render this action moot.  Rather, where "there is at least a minimal overlap between the patent case and the antitrust case . . . the outcome of the patent [case] necessarily will affect the complexion of the antitrust case to some extent." *Monsanto Co. v. Syngenta Seeds, Inc.*, 2006 WL 7204491, at *1 (D. Del. Nov. 8, 2006) (Robinson, J.).  Because it cannot plausibly contest that there "is at least minimal overlap between the patent case and the antitrust case," SanDisk resorts to a tortured interpretation of a prior Round Rock statement in an attempt to argue that Round Rock is judicially estopped from asking this Court to exercise its discretion.  However, when reading Round Rock's prior submission in context, it is clear that Round Rock's position has not changed in the slightest: forcing the Parties to spend millions of dollars conducting antitrust discovery when some or all of that effort may be unnecessary after conclusion of the Prior Pending Actions is neither efficient nor economical.  Despite SanDisk's unexplained and unsupported statements that it would be prejudiced and Round Rock would somehow achieve some nebulous "tactical

advantage," it is both Parties and the Court that would benefit from the reasonable conservation of resources that Round Rock has requested.  Should circumstances change in the future, the Court can always opt to revisit the question of whether a continued stay remains appropriate. For these reasons, and those set forth in its opening memorandum, Round Rock's Motion to Stay should be granted.

## II.   ARGUMENT

### A.   SanDisk Ignores its Own Theory, and the Elements of its Claim, in Asserting That the Patent Cases are Irrelevant to This Action

1.   *The Validity of the Patents-at-Issue and Whether They are SEPs is Necessary to Establishing the Existence of the Alleged Antitrust Market and Monopoly Power on Which SanDisk's Claims are Predicated.*

In arguing that its antitrust claims are somehow wholly separate from the determination being made in the Prior Pending Actions as to whether the Patents-at-Issue are valid and/or SEPs, SanDisk ignores its own legal theory.  The heart of SanDisk's antitrust claim is the allegation that Micron had an obligation to disclose the Patents-at-Issue to JEDEC and its alleged "purposeful non-disclosure renders the purported SEPs unenforceable, and thus properly subject to royalty-free licensing." D.I. 1 at ¶99.  In other words, SanDisk alleges that (1) Micron had an obligation to disclose the Patents-at-Issue to JEDEC; (2) that obligation passed through to Round Rock; and (3) as a result, Round Rock is estopped from seeking a royalty-bearing license. If this theory seems familiar it is because this is the precise theory on which SanDisk asserted an Affirmative Defense of estoppel in the Prior Pending Action in this Court.  Specifically, SanDisk asserts in that case that  "Round Rock's ability to recover damages may be limited through Micron Technology, Inc.'s participation in such industry standard setting organizations and/or through promises or statements made about the terms under which such patents would be made available for license." *Round Rock Research, LLC v. SanDisk Corp.*, Case 12-cv-00569-SLR (D.

3

Del.), D.I. 8 at 18.  In response to an Interrogatory seeking the factual basis for this Affirmative

Defense, SanDisk stated that "Micron failed to disclose the patents at the time that the eMMC

4.4, the eMMC 4.41, and earlier versions of the standard were developed and adopted . . . [and

therefore] Round Rock's right to assert those patents was impliedly waived and/or Round Rock

should be equitably estopped from asserting them against SanDisk."  *See* Exhibit A at Second

Supplemental Response to Interrogatory No. 3 at pp. 38-39.  Thus, *at the very least*, the Prior

Pending Action in this Court will determine (1) whether Micron was required to disclose the

Patents-at-Issue to JEDEC; (2) if that obligation existed, the consequence of Micron's failure to

disclose; and (3) if such an obligation existed, whether it legally passed to Round Rock.

SanDisk ignores this obvious overlap of key issues between the cases and instead

argues that the Third Circuit's decision in "*Broadcom* does not require a patent mini-trial within

an antitrust trial."  D.I. 10 at 9.  Of course, Round Rock has never argued the existence of a

categorical rule requiring an antitrust action to be stayed pending the completion of a patent

infringement trial.[1]  Instead, Round Rock argues only that, here, given the circumstances of these

cases between these Parties, a stay is appropriate and in the interest of judicial economy.

SanDisk's arguments as to why a stay *in this case* should be not be entered are unavailing.

---

[1] For this reason, SanDisk's citation to *Apple, Inc. v. Motorola Mobility, Inc.*, 2011 WL 7324582 (W.D. Wisc. June 7, 2011) misses the point.  There, Motorola asserted that the antitrust claims should be dismissed "because they will not be ripe until the parties' patent infringement disputes are resolved."  *Id.* at *5.  Here, Round Rock does not argue that this Court presently lacks jurisdiction to decide this case.  Instead, it asserts only that a stay is appropriate, in the interest of judicial economy and avoiding the potential for inconsistent findings between the cases.

SanDisk's citation to *Nokia Corp. v. Qualcomm, Inc.*, 2006 WL 2521328 (D. Del. Aug. 29, 2006) similarly fails to advance the ball as that decision addressed only whether a breach of contract regarding the licensing of essential patents sufficiently raised a federal question to permit that court to exercise jurisdiction.  The issue before this Court is not one of jurisdiction but rather how best "to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1935).

4

Specifically, SanDisk's assertion that whether the Patents-at-Issue are either invalid and/or not SEPs is irrelevant to the issues in this case belies its own theory.  For example, SanDisk asserts that "no case requires that an antitrust plaintiff first prove that a patent is a SEP before establishing a Section 2 violation based on failure to disclose." D.I. 10 at 10.  While that may be true as a matter of general antitrust law, it is equally true that "[l]iability under §2 requires [] the possession of monopoly power in the relevant market." *Broadcom Corp. v. Qualcomm, Inc.*, 501 F.3d 297, 306-307 (3d Cir. 2007) (partial quotation omitted); *see also Jetro Cash & Carry Enters., Inc. .v. Food Distrib. Ctr.*, 569 F. Supp. 1404, 1413 (E.D. Pa. 1983) ("Absent proof of monopoly power, [a] *section* 2 claim fails.").

Here, SanDisk's antitrust claims are premised on the allegation that "each of the '159, '847, '749, '041, '984, '2344, '3344, '053, and '791 patents constitutes its own technology market." D.I. 1 at ¶109.  As the Supreme Court has recognized, "a patent does not necessarily confer market power." *Ill. Tool Works, Inc. v. Indep. Ink, Inc.*, 547 U.S. 28, 45 (2006).  The Third Circuit in *Broadcom* similarly recognized that "[a]lthough a patent confers a lawful monopoly over the claimed invention, its value is limited when alternative technologies exist." *Broadcom*, 501 F.3d at 314.  It is only after the patent is incorporated into a standard that its "value becomes significantly enhanced . . . ." *Id.* (explaining that only in those circumstances do "FRAND commitments become important safeguards against monopoly power").  Given SanDisk's allegations that the patents and relevant technology markets are one in the same, a finding of invalidity and/or non-infringement (*i.e.,* that the Patents-at-Issue are not SEPs) logically means that there is no market to monopolize.[2]

---

[2] Likewise, the assertion of ultimately invalid patents, absent sham enforcement or fraud on the PTO, cannot be the basis of an antitrust claim and SanDisk clarifies that it makes no claims based on allegedly sham litigation.  *See* D.I. 10 at 18-19.

Nevertheless, SanDisk alleges that *Broadcom* requires only a "deceptive nondisclosure of IPRs [intellectual property rights],' coupled with a standard-setting organization's reliance . . . ."  D.I. 10 at 9 (quoting in part *Broadcom*, 501 F.3d at 314).  This is not what *Broadcom* said.  Rather, *Broadcom* does not require mere reliance by a standard setting organization but instead requires that the standard setting organization, in fact, "reli[ed] on that promise <u>when</u> <u>including</u> <u>the</u> <u>technology</u> <u>in</u> <u>a</u> <u>standard</u>."  *Id.* (emphasis added).  Thus, a determination of whether the Patents-at-Issue are SEPs is not only relevant to this case, it is indeed dispositive of SanDisk's claims under *Broadcom*.

Because under its own theory, SanDisk cannot establish a relevant market absent valid, enforceable, SEPs, it instead argues that "[w]hether the patents are actually SEPs [is] irrelevant to SanDisk's conspiracy claims."  D.I. 10 at 11.  Thus, according to SanDisk, whether the Patents-at-Issue are valid and/or SEPs, is wholly immaterial to its attempted monopolization, conspiracy, and state law claims.  *Id.*  However, "to demonstrate attempted monopolization, a plaintiff must prove . . . a dangerous probability of achieving monopoly power."  *Pastore v. Bell Telephone Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994) (quoting *Spectrum Sports, Inc. v. McQuillian*, 113 S. Ct. 884, 890-891 (1993)).  "Without any share in the relevant market . . . there can no inference that defendants hold sufficient economic power in that market to create a dangerous probability of monopoly."  *Id.* at 513.  Likewise, here, without a valid patent or one that is essential to practicing the standard, Round Rock has no market power, to the extent a market exists, let alone "a dangerous probability of achieving monopoly power."[3]

---

[3] SanDisk's far-fetched theory that it is entitled to a royalty free license regardless of the validity of the Patents-at-Issue is also incorrect and plays no part here.  First, SanDisk's theory goes well beyond anything in *Broadcom* or elsewhere.  Indeed, SanDisk relies only on an FTC consent decree – a settlement-- in support of its pie-in-the-sky demand for free access to patented technology.  Clearly, regardless of Micron's actions with JEDEC, the existence of valid SEPs would moot SanDisk's claim of supracompetitive prices.

B.   Round Rock Has Consistently Argued That Any Antitrust Matter Should be
Stayed

Unable to show that decisions in the Prior Pending Actions will not effect this

action, SanDisk resorts to cherry-picking a single statement from a prior Round Rock

submission, removing all context, and asserting that Round Rock should be judicially estopped

from seeking a stay.  D.I. 10 at 13.  When Round Rock argued that the-then proposed

counterclaims "have minimal, if any, connection to the patent infringement and validity issues

currently being litigated," it was in connection with explaining how these belatedly asserted

claims require significant additional discovery separate from the discovery already completed in

the Prior Pending Action in this Court.  Indeed, the *very next sentence* after the one SanDisk

selectively quotes explains that "SanDisk's new proposed counterclaims would thus require

additional discovery – including from third-parties Micron and Samsung – additional cost to

pursue that discovery, new experts, and substantial additional preparation."  *Round Rock*

*Research, LLC v. SanDisk Corp.*, Case 1:12-cv-00569-SLR (D. Del.), D.I. 48 at 16;  *id.* ("Round

Rock could not realistically complete the additional discovery and preparation required to

address those claims under the current schedule").

Round Rock did not assert then – and does not assert now – that the discovery in

this case would be entirely duplicative of discovery already conducted in other cases.  Indeed,

the fact that this action would require voluminous and costly additional discovery – all of which

could be for naught – is simply another reason to grant Round Rock's requested stay.  Instead,

what Round Rock asserted then and continues to assert now is that determinations to be made in

---

Similarly, SanDisk's assertion that its conspiracy claim is entirely unrelated to the patent issues is of no
moment.  In addition to the indisputable fact that even under its conspiracy claim, plaintiff must still demonstrate
anticompetitive effects, SanDisk's complaint concedes that the relevant market  matters.  Indeed, one need look no
further than the title of its claim:  "Conspiracy to Monopolize Technology Markets in Violation of Section 2 of the
Sherman Act".

the Prior Pending Actions will reduce, if not eliminate, the need for this action or, at the very

least, will substantially reduce the number of issues in dispute – such as the validity of the

patents and whether they are SEPs.  SanDisk's feigned outrage notwithstanding, Round Rock has

not "changed its position in bad faith" or "play[ed] fast and loose with the Court."  D.I. 10 at 14.

It seeks here the very same relief it sought in the alternative in its prior opposition to SanDisk's

attempt to assert these belated claims:  "In the event that the Court permits SanDisk to add its

eight new counterclaims to this case, Round Rock respectfully requests that the Court bifurcate

and stay SanDisk's new proposed counterclaims . . . ." *Round Rock Research, LLC v. SanDisk

Corp.*, Case 1:12-cv-00569-SLR (D. Del.), D.I. 48 at 17.

       C.    <u>SanDisk's Speculative Prejudice is Unpersuasive</u>

       Having (1) waited over two years after the alleged demand for supracompetitive

pricing and its first initiation of litigation; and (2) delayed seeking leave to assert these claims in

the Prior Pending Action in this Court until the virtual close of discovery, SanDisk now argues

that it would be unduly prejudiced if this action were stayed.  Thus, to the extent SanDisk asserts

that it would be subjected to "one trial after another," D.I. 10 at 15, that is a consequence purely

of its own making and, more fundamentally, overlooks that Round Rock's request for a stay

would at least offer the possibility of avoiding the need for trial in this case.  SanDisk could have

asserted these antitrust claims when it filed its Declaratory Judgment action in California in

October 2011.  SanDisk could have timely asserted these antitrust (counter)claims when it

answered Round Rock's Complaint in this Court in July of 2012.  It did neither and instead filed

this action in March of 2014.  SanDisk cannot seriously contend that it would be *unfairly*

prejudiced by proceeding in the order that it dictated by its conduct.  Given the advanced stage of

the Prior Pending Actions, permitting SanDisk to now "jump the line" with its antitrust claims is

neither proper nor practical.

SanDisk, predictably, overlooks its own failures to timely assert these claims and argues, without explanation, that "staying the case would unduly prejudice SanDisk, and tilt the strategic balance wholly in Round Rock's favor."  *Id.*  SanDisk is noticeably silent as to how it would suffer any prejudice and how staying this case in an effort to reduce unnecessary costs – an advantage enjoyed equally by the Parties – would tilt any strategic balance.

SanDisk's only argument is to speculate that a stay could last for many years.  *See id.* at 16 ("As a result, even the most optimistic projection in the Delaware Patent Case puts final judgment three years away.").  Of course, should SanDisk's parade of horribles materialize, this Court would always retain the power to revisit and amend its Order.  Likewise, in the event that there are interim rulings and/or findings that resolve some of the overlapping issues in these cases, the Court could likewise revisit the propriety of the stay.  Moreover, SanDisk's unsupported and speculative fear that "memories of events that largely took place in 2006-2010 fade over time" is, again, a product of SanDisk's own making.  D.I. 10 at 17.  It is SanDisk that waited until 2014 to file a lawsuit over "events that largely took place in 2006-2010."  To the extent SanDisk seriously asserts that this should counsel against Round Rock's requested stay, SanDisk should provide some basis for the conclusion that any potential memory loss would be the result of any stay this Court may enter as opposed to eight years of SanDisk inaction.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, and in the interest of fairness and judicial economy, Round Rock respectfully requests that the Court stay this litigation until sixty (60) days after final judgment is entered in the Prior Pending Actions at which time Round Rock would Answer, move, or otherwise respond to the Complaint.

Dated: June 13, 2014

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com

Barbara T. Sicalides (admitted *pro hac vice*)
Barak A. Bassman (admitted *pro hac vice*)
Noah S. Robbins (admitted *pro hac vice*)
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(215) 981-4000
sicalidb@pepperlaw.com
bassmanb@pepperlaw.com
robbinsn@pepperlaw.com

*Attorneys for Defendant*
*Round Rock Research, LLC*