IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDISK CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 14-352-SLR |
| | ) |
| ROUND ROCK RESEARCH, LLC, | ) |
| | ) |
| Defendant. | ) |

# ORDER

At Wilmington this 1st day of July, 2014, having reviewed the motion to stay (D.I. 8) filed by defendant Round Rock Research LLC ("Round Rock"), and the papers submitted in connection therewith; and having reviewed the dockets in both this case and the related patent litigation, *Round Rock Research LLC v. SanDisk Corporation*, Civ. No. 12-569-SLR ("the patent case");

IT IS ORDERED that, on or before **July 15, 2014,** plaintiff SanDisk Corporation ("SanDisk") shall respond to this order, with Round Rock filing its reply on or before **July 22, 2014**, to wit:

1. The question of whether to stay the above captioned antitrust case pending resolution of the patent case is committed to the discretion of the court[1] and ultimately should be resolved in favor of the "'choice most likely to result in a just final disposition of the litigation.'" *Monsanto Co. v. Syngenta Seeds, Inc.*, Civ. No. 04-305-SLR, 2006

---

[1] Regardless of any comments by the parties; i.e., nothing Round Rock has stated estops the court from making a decision in its sound discretion.

WL 7204491, at *1 (D. Del. Nov. 8, 2006) (quoting *In re Innotron Diagnostics,* 800 F.2d 1077, 1084 (Fed. Cir. 1986)).

2. SanDisk, as defendant in the patent case, is pursuing an affirmative defense of estoppel, that is:

> [T]o the extent that Round Rock alleges that SanDisk products infringe the patents-in-suit through compliance with one or more industry standards promulated by one or more industry standard setting organizations (e.g., JEDEC, ONFi, etc.), Round Rock's ability to recover damages may be limited through Micron Technology Inc.'s participation in such industry standard setting organizations and/or through promises or statements made about the terms under which such patents would be made available for license.

(Civ. No. 12-569, D.I. 8 at 18) SanDisk has pursued discovery related to the "JEDEC issue" vigorously. (*See, e.g., id.,* D.I. 57, 103, 115)

3. In the above captioned antitrust litigation, SanDisk asserts (*inter alia*) that it is "the victim of a conspiracy between" Round Rock and Micron Technology, Inc. ("Micron"). More specifically, SanDisk has also identified the "JEDEC issue" through its allegations that

> Round Rock is a patent assertion entity created in concert with Micron to acquire and then assert patents that Micron itself could not enforce against SanDisk and its other competitors. Micron was unable to assert the patents itself because of (1) commitments it had made to a standard-setting organization, the JEDEC Solid State Technology Association ("JEDEC"), (2) commitments Micron had made with respect to patents it had not disclosed to JEDEC, and (3) the risk of countersuit. After acquiring patents from Micron, Round Rock sought from SanDisk supracompetitive, hold-up royalties for patents that Micron had never disclosed to JEDEC and that Round Rock claimed SanDisk infringed by practicing a JEDEC standard ("the eMMC standard"). When SanDisk did not capitulate to its demands, Round Rock sued. . . .

(Civ. No. 14-352, D.I. 1, ¶ 2)

4. To the extent SanDisk proposes to affirmatively use the JEDEC issue in the

2

patent case, I will stay the antitrust litigation at least until the verdict in the patent jury trial, as there clearly is at least some overlap between the two cases and I choose to avoid possible inconsistent results by different fact-finders. To the extent that the JEDEC issue in the patent case is actually relegated (as suggested by SanDisk's estoppel defense) to the issue of damages,[2] and SanDisk avers that it will not be offering any substantive evidence relating to JEDEC in the patent case, I will not stay the antitrust case.

5. The parties shall respond to this order on the schedule established above, by way of letters to the court, no longer than five pages of double-spaced text.

                                                                             /s/ _____
                                                                             United States District Judge

---

    [2]In the event SanDisk relegates the JEDEC issue to the damages phase of the patent trial, given the bifurcation of damages in the patent case, none of the JEDEC-related discovery was appropriate in the patent case. Costs will be assessed against SanDisk under such circumstances.

3